UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JOSE ANTONIO ALVAREZ-ALAS,

Petitioner,

v.

DAVID VENTURELLA, et al.

Respondents.

No. 1:26-cv-08712-DC-AC (HC)

ORDER GRANTING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS AND MOTION FOR TEMPORARY RESTRAINING ORDER

(Doc. Nos. 1, 4)

This matter is before the court on Petitioner's motion for a temporary restraining order (Doc. No. 4), filed in conjunction with his petition for writ of habeas corpus brought under 28 U.S.C. § 2241, challenging his ongoing immigration detention. (Doc. No. 1.) Neither party opposes the court ruling directly on the petition. (Doc. Nos. 6 at 1; 7 at 2.) For the reasons explained below, the court finds that Petitioner's detention is unlawful due to Respondents' failure to provide Petitioner with an initial custody determination as required by 8 U.S.C. § 1226(a) and its implementing regulations such that Petitioner was unaware of the basis for, and could not meaningfully contest, his detention. Thus, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order Petitioner's immediate release.

/////

/////

## BACKGROUND

Petitioner Jose Antonio Alvarez-Alas is a native and citizen of El Salvador. (Doc. No. 1 at ¶ 1.) Petitioner entered the United States without inspection in 2005. (*Id.* at ¶ 3.) Petitioner had no interactions with U.S. immigration authorities prior to his detention. (Doc. No. 6 at 13–14.)

On September 6, 2026, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers following his release from state custody pursuant to his misdemeanor conviction for sending harmful matter to a minor in violation of California Penal Code § 288.2(a). (Doc. Nos. 1 at ¶ 2; 1-2 at 6–10.) On that same day, Petitioner was served with a notice to appear charging him as inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i). (Doc. No. 6 at 6–9.) Respondents allege that Petitioner was arrested pursuant to a warrant (Doc. No. 6 at 12) but do not attach that warrant to their opposition.

On October 22, 2026, Petitioner filed the pending habeas petition alleging that his "continued detention without a bond hearing violates the Immigration and Nationality Act ("INA") and the Due Process Clause of the Fifth Amendment." (Doc. No. 1 at ¶ 4.) In his habeas petition, Petitioner asserts four claims for relief: (1) violation of the Immigration and Nationality Act; (2) violation of his Fifth Amendment right to procedural due process; (3) violation of his Fifth Amendment right to substantive due process; and (4) enforcement of the final declaratory judgment in *Maldonado Bautista*. (*Id.* at 11–13.) On that same day Petitioner filed the pending motion for a temporary restraining order seeking his immediate release. (Doc. No. 3.)

On October 27, 2026, Respondents filed their opposition arguing that Petitioner is detained under 8 U.S.C. § 1226(a), that he is entitled to a custody redetermination hearing under that statute, and that he has not yet requested such a hearing. (Doc. No. 6 at 2–4.)

On October 28, 2026, Petitioner filed his reply arguing that he has been unlawfully detained since September 6, 2026, without a bond hearing. (Doc. No. 7 at 2.)

## LEGAL STANDARD

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2). "[T]he essence of habeas corpus is an attack by a person in

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). "[T]he 'in custody' provision . . . requires only that a petitioner be incarcerated—or, as here, in INS custody—at the time a habeas petition [was] filed." *Abdala v. I.N.S.*, 488 F.3d 1061, 1064 (9th Cir. 2007). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr.*, 533 U.S. 289, 301 (2001). A district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001).

**DISCUSSION**

Petitioner contends that his continued detention without an individualized bond hearing violates his statutory rights under the Immigration and Nationality Act and constitutional rights under the Fifth Amendment Due Process Clause. (Doc. No. 1 at ¶ 4.) Respondents argue that Petitioner's detention is lawful under § 1226(a), and that he is entitled to a bond hearing pursuant to that statute, which he has not yet requested. (Doc. No. 6 at 3.)

When the government detains a noncitizen under § 1226(a), Department of Homeland Security officers must conduct an initial custody determination to determine whether detention or release is appropriate under that section. 8 C.F.R. § 236.1(c)(8) (permitting any "officer authorized to issue a warrant of arrest" to "release an alien . . . under the conditions at section [1]236(a)(2) and (3)" "provided that the alien [] demonstrates to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding"). The officer making this initial determination memorializes the determination on Form I-286, notice of initial custody determination. 8 C.F.R. § 236.1(g). The notice of custody determination also includes "the formal mechanism—a box the detainee may check—to immediately request" that an immigration judge review the initial custody determination at a custody redetermination hearing. *Garcia-Maya v. Blanche*, No. 2:26-cv-01513-RFB-BNW, 2026 WL 1965886, at *8 (D. Nev. July 7, 2026). If the noncitizen checks this box, or

otherwise requests a custody redetermination hearing, the noncitizen is entitled to such a hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19.

Here, Respondents do not attach Petitioner's notice of custody determination to their opposition nor allege that one was issued upon Petitioner's detention. (Doc. No. 6.) The record of deportable/inadmissible alien attached to Respondents' opposition includes a section titled "Custody Determination" which states only that Petitioner will be "[d]etained without bond." (*Id.* at 14.) This statement does not support—and indeed, contradicts—an inference that any immigration official determined whether Petitioner would "pose a danger to property or persons," or that Petitioner "is likely to appear for any future proceeding." 8 C.F.R. 236.1(c)(8).

This court, along with many others in the Ninth Circuit, have found that "where there is no indication that the arresting officer makes an initial custody determination and permits the noncitizen to demonstrate that his release is proper, that detention is unlawful." *Aguilar Moreno v. Chestnut*, No. 1:26-cv-07855-DC-JDP, 2026 WL 3136176, at *3 (E.D. Cal. Oct. 20, 2026); *see Zurita Navarro v. Warden, Cent. Valley Annex Det. Facility*, No. 1:26-cv-05661-DAD-SCR, 2026 WL 2294963, at *2 (E.D. Cal. Aug. 10, 2026) (stating that the government's failure to provide a noncitizen "with an initial custody determination" "serve[s] as a basis for an order requiring the release of" the noncitizen). Where the government fails to provide a noncitizen with the statutory protections of § 1226(a), that failure constitutes a breach of both his statutory and due process rights. *Veliz-Pina v. Semaia*, No. 5:26-cv-04590, 2026 WL 3012453, at *8 (C.D. Cal. Oct. 6, 2026) (stating that § 1226(a) procedures, including an initial custody determination, "provide[] critical protections that safeguard [the noncitizen's] due process protected interest in freedom from arbitrary confinement"). Further, this court has found that where the government detains a noncitizen without adhering to the § 1226(a) procedures, the noncitizen's detention is unlawful from the outset, and the proper remedy is the noncitizen's immediate release. *Aguilar Moreno*, 2026 WL 3136176, at *3. Thus, for the reasons explained in *Aguilar Moreno*, the court will grant Petitioner's habeas petition and motion for a temporary restraining order and will order his immediate release.

/////

## CONCLUSION

For the reasons stated above,

1. Petitioner's petition for writ of habeas corpus (Doc. No. 1) and Motion for a Temporary Restraining Order (Doc. No. 4) are GRANTED as follows:
   a. Respondents shall immediately release Petitioner Jose Antonio Alvarez-Alas (A-246-934-653) from their custody;
   b. Upon his release, Respondents shall not impose any additional restrictions on Petitioner, such as electronic monitoring, unless that is determined to be necessary at a future custody hearing;
   c. Respondents shall RETURN all of Petitioner's documents and possessions upon his release from custody;
   d. If the government seeks to re-detain Petitioner, they shall provide him with a prompt bond hearing at which Petitioner shall bear the burden of showing that he is not a flight risk or a risk to community safety;
2. The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and
3. The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated: **November 2, 2026**

Dena Coggins
United States District Judge